IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANE DOE,

    Plaintiff,

  v.

STEPHAN SHAW AND CITY OF CHICAGO,

    Defendants.

Case No. 23-cv-4837

*Jury Trial Demanded.*

### COMPLAINT AT LAW

NOW COMES Plaintiff, JANE DOE[1], and complaining of Defendants STEPHAN SHAW and CITY OF CHICAGO, states as follows:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and under the laws of the State of Illinois.

---

[1] "Jane Doe" is a pseudonym. Due to the nature of this case, and the conduct alleged, the plaintiff is seeking to proceed with this matter anonymously. *See Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 871 (7th Cir. 1997) (fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses). Plaintiff will seek leave of the Court to proceed anonymously.

1

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, §§ 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, § 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims. Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4. At all times relevant herein, Plaintiff JANE DOE was a 22-year-old woman residing in Chicago and Hammond, Indiana.

5. Defendant CITY OF CHICAGO is a governmental entity operating within the State of Illinois. The CITY OF CHICAGO is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, CITY OF CHICAGO was the employer of Defendant STEPHAN SHAW.

6. Defendant STEPHAN SHAW is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant CITY OF CHICAGO, and was acting within the scope of his agency, service and/or employment with the CITY OF CHICAGO, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

## FACTUAL ALLEGATIONS

7. On May 22, 2023, Jane was arrested by Chicago police at Nordstrom's in downtown Chicago.

8. Jane was transported by Chicago police to the 18th District police station at 1160 North Larrabee Street, in Chicago.

9. Jane was placed in a small room inside the main processing area at the 18th District.

10. Jane was handcuffed to the wall.

11. Jane spent approximately three hours handcuffed in the room.

12. During her three hours in the processing room at the 18th District, Jane was subjected to a barrage of sexually explicit comments and propositions by Defendant Shaw, one of her arresting officers, who repeatedly asked Jane if she would have sex with him, if she would let him touch her posterior, and if she wanted to touch his penis.

13. Among other statements, Shaw told Jane, "You got a nice ass. When I came to Nordstrom, I didn't want to lock you up because you had such a nice ass."

14. On multiple occasions, Defendant Shaw touched Jane on the outside and inside of her pants, while promising he would get her released as long as she "cooperated."

15. Defendant Shaw repeatedly put his hand down Jane's pants, and rubbed and squeezed her posterior and touched her vagina inside her pants.

16. Defendant Shaw asked Jane, "You wanna touch my dick?" When Jane said no, he replied, "Oh, so you just gonna wait 'til we go out for pizza or something?"

17. Defendant Shaw stated that he felt bad he was able to touch Jane, but she hadn't touched anything of his. He told Jane, "I want you to feel something of mine too, you're making me so hard."

18. Soon afterwards, Defendant Shaw stated loudly that he was going to adjust Jane's handcuffs, then approached her and placed her cuffed hand on the outside of his pants on his penis.

19. Shaw said, "Do you feel it? It's hard. You're gonna make me come."

20. Defendant Shaw told Jane he would "make sure you get out of here" if she "cooperated" with him. He asked her, "Ain't I being nice to you?"

21. Defendant Shaw committed these acts in the middle of the 18th District's general processing area, where other officers were coming and going.

22. Defendant Shaw knew he could commit these acts with impunity in the presence of other officers because of the Chicago Police Department's code of silence.

23. Defendant Shaw "friended" Jane on Facebook with his phone while he stood in the doorway of the room where she was being detained, handcuffed to the wall.

24. As she was preparing to leave the station, Jane put her release paper, which provided information about her bond and her court date, on the counter, while she bent down to look for something in her bag. When she stood up, the paper was gone, and Defendant Shaw, who had been standing next to her, was walking away.

25. As a result, Jane did not know when or where her court date was.

26. Jane messaged Defendant Shaw on Facebook to ask for the address of the police station, because she intended to return to make a report about what had happened, and to ask about her

4

court date. Defendant Shaw responded with the information, and told her about a recent call he had been on, unrelated to her case. Defendant Shaw asked Jane if she was home and how she was doing. Jane said she was okay, and thanked him. In response, Defendant Shaw stated, "You're welcome. We still gonna get some pizza tho."

27. The following day, Jane returned to the 18th District and reported the incident to a sergeant.

## COUNT I – FEDERAL CLAIM
## 42 U.S.C. § 1983 – FOURTH AMENDMENT
## UNREASONABLE SEARCH AND SEIZURE
## SHAW

28. Each paragraph in this Complaint is incorporated as if restated fully herein.

29. As described in the preceding paragraphs, Defendant Shaw violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

30. The misconduct described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

31. Defendant Shaw, in committing the misconduct described in the preceding paragraphs, was acting in the scope of his employment as an employee of Defendant CITY OF CHICAGO, and under color of law.

32. As a result of the unjustified and unreasonable conduct of Defendant Shaw, Plaintiff has suffered severe injuries, including physical and emotional distress.

## COUNT II – FEDERAL CLAIM
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
## EQUAL PROTECTION
## SHAW

33. Each paragraph of this Complaint is incorporated as if fully stated herein.

34. As described more fully above, Defendant Shaw denied Plaintiff equal protection of the law in violation of her constitutional rights.

35. The misconduct described in this count was motivated by gender animus and constituted purposeful discrimination.

36. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37. Defendant Shaw, in committing the misconduct described in the preceding paragraphs, was acting in the scope of his employment as an employee of Defendant CITY OF CHICAGO, and under color of law.

38. As a result of the unjustified and unreasonable conduct of Defendant Shaw, Plaintiff has suffered severe injuries, including physical and emotional distress.

## COUNT III – FEDERAL CLAIM
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
## SUBSTANTIVE DUE PROCESS
## SHAW

39. Each paragraph of this Complaint is incorporated as if fully stated herein.

40. Acting under color of law and within the scope of his employment as a Chicago police officer, Defendant Shaw violated Jane's substantive due process rights by unlawfully violating her

6

bodily integrity, and violating her right to be free from sexually motivated physical assaults and coerced sexual battery.

41. As a result of the unjustified and unreasonable conduct of Defendant Shaw, Plaintiff has suffered severe injuries, including physical and emotional distress.

## COUNT IV – FEDERAL CLAIM
### *MONELL*
### DEFENDANTS CITY OF CHICAGO

42. Each Paragraph of this Complaint is incorporated as if fully stated herein.

43. Defendant City of Chicago has a longstanding and deeply entrenched code of silence, which prevents officers not only from intervening to stop misconduct by other officers, but encourages officers to ignore and cover up their fellow officers' misconduct.

44. In a speech at City Hall in 2015, Chicago Mayor Rahm Emmanuel acknowledged the existence of a code of silence within the Chicago Police Department. "It is the tendency to ignore, it is a tendency to deny, it is a tendency in some cases to cover up the bad actions of a colleague or colleagues," Mr. Emanuel said.

45. The code of silence has not abated since 2015.

46. Because of this of the code of silence, Defendant Shaw felt emboldened to assault Jane while other officers roamed the processing area, knowing that no officer who observed his actions would intervene or report the misconduct.

47. The City of Chicago's *de facto* pattern and practice of not reporting officer misconduct was one of the causes of Shaw's unlawful conduct and violation of Jane's constitutional rights.

7

## COUNT V – STATE LAW CLAIM
## ILLINOIS GENDER VIOLENCE ACT
## DEFENDANTS SHAW, CITY OF CHICAGO

48. Each Paragraph of this Complaint is incorporated as if fully stated herein.

49. As described more fully above, the conduct of Defendant Shaw, and Defendant City of Chicago by and through its agent, defendant Shaw, constituted a physical intrusion of a sexual nature under coercive conditions. Defendant Shaw's actions constituted unjustified and offensive physical contact. Defendant Shaw's conduct proximately caused Plaintiff's injuries.

50. The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable.

51. Defendant Shaw, in committing the misconduct described in the preceding paragraphs, was acting in the scope of his employment as an employee of Defendant CITY OF CHICAGO, and under color of law.

52. As a result of the unjustified and unreasonable conduct of Defendant Shaw, Plaintiff has suffered severe injuries, including physical and emotional distress.

## COUNT VI – STATE LAW CLAIM
## BATTERY
## SHAW, CITY OF CHICAGO

53. Each paragraph of this Complaint is incorporated as if restated fully herein.

54. Defendant Shaw, and Defendant CITY OF CHICAGO, by and through its agent Defendant Shaw, knowingly and without legal justification or permission, harmfully and/or offensively touched Plaintiff, thereby constituting battery under Illinois law.

55. As a result of the unjustified and unreasonable conduct of Defendants, Plaintiff has suffered severe injuries, including physical and emotional distress.

## COUNT VII – STATE LAW CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DEFENDANTS SHAW, CITY OF CHICAGO

56. Each paragraph of this Complaint is incorporated as if restated fully herein.

57. The conduct of Defendant Shaw, and Defendant CITY OF CHICAGO, by and through its agent Defendant Shaw, was extreme and outrageous.

58. Defendants intended to cause or recklessly or consciously disregarded the probability of causing, severe emotional distress to Jane, and Jane suffered severe emotional distress as a proximate result of Defendants' actions.

59. As a direct and proximate result of Defendants' conduct, Jane suffered extreme and severe emotional trauma, physical and mental pain and suffering, anxiety, and humiliation, and will continue to suffer many of these conditions in the future.

## COUNT VIII – STATE LAW CLAIM
## INDEMNIFICATION

60. Each paragraph of this Complaint is incorporated as if restated fully herein.

61. At all relevant times, CITY OF CHICAGO was the employer of Defendant SHAW.

62. Defendant SHAW committed the acts alleged above under color of law and in the scope of his employment as an employee of the CITY OF CHICAGO.

63. Illinois law provides that governmental entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

64. Should Defendant SHAW be found liable on one or more of the claims set forth above, Plaintiff JANE DOE demands, pursuant to Illinois law, that his employer, Defendant CITY OF CHICAGO, be found liable for any judgment plaintiff obtains against Defendant CITY OF CHICAGO, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

For the foregoing reasons, the Plaintiff, JANE DOE, prays for judgment against Defendants STEPHAN SHAW and CITY OF CHICAGO, in a fair and reasonable amount, including compensatory damages, punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

## JURY DEMAND

Plaintiff, JANE DOE, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**Dated:** July 25, 2023.

                                                                Respectfully submitted,

                                                                JANE DOE

                              BY:    /s/ Jordan Marsh
                                                    *Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH, LLC**
5 Revere drive Suite 200
Northbrook, IL 60062
(224) 220-9000
jordan@jmarshlaw.com